UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

          Plaintiff,

v.

NOE GARZA,

          Defendant.

CASE NO: 21-CR-20405

HON. MATTHEW F. LEITMAN
United States District Judge

HON. CURTIS IVY, JR.
United States Magistrate Judge

_____

**United States of America's Response in Opposition to
Defendant's Motion to Suppress Physical Evidence (ECF No. 15)**
_____

Police officers arrested Noe Garza and found cash and buprenorphine (a controlled substance known by the trade name Suboxone) in Garza's pockets. After arresting Garza, officers towed and impounded his car and they found a handgun with an obliterated serial number in the engine compartment. A federal grand jury indicted Garza for being a felon in possession of a firearm (count 1), possessing a firearm with an obliterated serial number (count 2), and possessing with the intent to distribute buprenorphine (count 3). (Indictment, ECF No. 9, PageID.22-23.) Garza has filed a motion to suppress physical evidence (ECF No. 15) in which he claims that officers did not have probable cause to arrest him. As discussed below, there was a valid arrest warrant for Garza at the time officers arrested him, so the Court should deny his motion.

On November 26, 2020, police officers from the Metro Police Department were at Meijer store on Hill Road in Mundy Township, Michigan to discuss an unrelated investigation. While the officers were at the store, a Meijer employee reported seeing a person in the store actively concealing merchandize. Meijer employees saw the person leave the store without paying for the items and saw the person go to a white Pontiac Grand Prix that was parked in the Meijer parking lot. After speaking with Meijer employees about the alleged shoplifting, the officers approached the white Pontiac Grand Prix. Officers contacted Noe Garza, who was sitting in the driver's seat of the Grand Prix, and Robert Hutchins, who was in the rear driver's side of the car and who was the person suspected of the shoplifting.

At the time, Garza was subject to a bench warrant (Warrant, Ex. 1) for failing to appear in a domestic violence case (Register of Actions, Ex. 2). The warrant had been entered into the LEIN—the Law Enforcement Information Network. (Record of Warrant entry into LEIN, Ex. 3).

Officers put Garza and Hutchins in handcuffs. Police searched Garza's pockets and found 17 Suboxone doses along with $810 in cash. Officers later searched the inside and trunk of the Pontiac Grand Prix and found drug paraphernalia, a small amount of methamphetamine, two more doses of Suboxone, marijuana, stolen merchandize from Meijer, and a round of 9mm ammunition. They towed and

impounded the car and later found a 9 mm caliber pistol with an obliterated serial number in the engine compartment.

A federal grand jury indicted Garza ECF No. 9, PageID.22-23), and he has filed a motion to suppress evidence (ECF No. 15). The Court should deny the motion.

When officers arrested Garza, they were entitled to lawfully search Garza and his immediate surroundings. *See Arizona v. Gant*, 556 U.S. 332, 339 (2009) (discussing the permissible scope of searches incident to arrest). Garza, however, claims that his arrest was unlawful and has filed a motion to suppress all physical evidence seized as a result of the arrest. (Def's Mot to suppress, ECF No. 15, PageID.48). Specifically, Garza's motion challenges whether the officers had probable cause to arrest him based on information they had received from Meijer employees and their own observations on November 26th, 2020. (ECF No. 15, PageID.47, ¶ 26.) Garza's motion does not address the fact that there was a bench warrant for his arrest. But even under the facts that Garza has set forth in his motion, officers had reasonable suspicion to justify a *Terry* stop. And officers would have inevitably seized the same evidence that Garza seeks to suppress because they would have arrested him on the bench warrant.

The Court should deny Garza's motion to suppress evidence.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | SAIMA S. MOHSIN<br>United States Attorney |
| Dated: September 28, 2021 | s/ *Jules M. DePorre*<br>JULES M. DePORRE<br>Assistant United States Attorney<br>600 Church Street<br>Flint, MI 48502<br>Phone: 810-766-5177<br>Fax:810-766-5427<br>jules.deporre@usdoj.gov<br>P73999 |

CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, September 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Charles Longstreet II**

> *s/Jules M. DePorre*
> Assistant United States Attorney
> 600 Church Street, Suite 200
> Flint, MI   48502