UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

                              CRIMINAL NO. 21-20405
                              HONORABLE MATTHEW F. LEITMAN

      v.

NOE GARZA,
        Defendant.

_____

| UNITED STATES ATTORNEY | LONGSTREET LAW PLLC |
|---|---|
| Jules Deporre | Charles O. Longstreet II (P68205) |
| US Department of Justice | Attorney for D-1 Noe Garza |
| Attorney for the Government | 18971 Livernois |
| 211 W. Fort Street, Suite 2001 | Detroit, MI 48221 |
| Detroit, MI | 313-288-0103 office |
| 313.226.9100 office | |

_____

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE GOVERNMENTS' WITNESS TESTIMONY**

The Defendant, NOE GARZA ("Defendant GARZA"), by and through his attorney Charles Longstreet, II, respectfully submits this Motion *In Limine*, pursuant to the Federal Rules of Evidence ("F.R.E.") 701,702, and for the reasons set forth in the accompanying Memorandum, and hereby moves that the Court enter an Order to preclude calling a witness to testify the meaning of slang terms.

**FACTUAL BACKGROUND**

On November 26, 2020, at approximately 9:15 am, Metro Police Authority (MPA), received information that an unidentified individual was concealing merchandise on their

person within the Meijer store located at 2474 West Hill Road, Flint, Michigan. ECF No.1, PageID.5. MPA officer Steven Fisher MPA Sergeant Johnson were advised the individual was outside the store without paying for the items and entered a white Pontiac Grand Prix still located in the parking lot. *Id*. Both officers approached the white Pontiac Grand Prix and observed two subjects inside the vehicle. The vehicle was occupied by Noe Garza and a male subject. Both individuals were removed from the vehicle and placed in handcuffs. ECF No. 1, PageID.6. During a search of Garza's person and the white Pontiac Grand Prix, the officer found multiple drugs and live rounds of 9mm ammunition.

At the MPA office, Garza waived his Miranda Rights and advised Officer Fisher that on November 20, 2020 his hotel room was raided by police where multiple drugs and live rounds of .38 ammunition were found and seized as evidence. ECF No. 1, PageID.7. Garza also advised he was a convicted felon, denied having a firearm in the vehicle and knowledge of 9mm ammunition in the vehicle. MPA officer searched the white Pontiac Grand Prix after it was towed and found a black mesh bag behind the vehicle's battery containing a Ruger EC9s pistol.

Following the two incidents, Mount Morris Township Police Department reviewed recorded jail calls of Garza. On December 16, 2020, at approximately 2:42p.m., inmate Garza placed a call to 810-884-9032. ECF No.1, PageID.8. During the call, Garza stated "I still got the stake. I still got the stake. My ma got it in the car. They, the cop never found it. Stupid fucking Metro police never found my fucking banger." ECF No. 1, PageID.9.

On June 16, 2021, Garza was indicted by a grand jury on a three count indictment charging him with prohibited person in possession of a firearm and ammunitions, in violation of 18 U.S.C. § 922(g)(1); possession of a firearm with an obliterated serial number in violation

of 18 U.S.C. § 922(k); possession with intent to distribute buprenorphine in violation of U.S.C. § 841(a); and a forfeiture allegation with fire arm and ammunition in violation of U.S.C. § 924(d)(1).

## LEGAL STANDARD

A witness may testify based on opinion, as opposed to testifying to facts of which he has direct knowledge, under two circumstances: as a lay person under Rule 701 or as an expert under Rule 702.

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by "knowledge, skill, experience, training, or education" can provide testimony if the expert's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue[.]" If a court has determined that a witness qualifies as an expert within the meaning of Rule 702, "the district court is required to address two questions, first whether the expert's testimony is based on 'scientific knowledge,' and second, whether the testimony 'will assist the trier of fact to understand or determine a fact in issue.'" *Meister v. Medical Engineering Corp.*, 267 F.3d 1123, 1127 (D.C. Cir. 2001) (quoting *Daubert v. Merrell Dow Pharmaceuticals*, Inc., 509 U.S. 579, 592 (1993)).

To ensure that lay testimony serves "the ... objective of putting the trier of fact in possession of an accurate reproduction of the event," Rule 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed.R.Evid. 701; *see also id.* advisory committee's note. The burden is on the proponent to provide adequate foundation *596 for the testimony. *United States v. Grinage,* 390 F.3d 746,

749 (2d Cir.2004). If a witness's testimony fails to meet any one of the three foundational requirements, it is not admissible. Fed.R.Evid. 701. *U.S. v. Freeman*, 730 F.3d 590 (2013).

## ARGUMENT

### I. The Officer Does Not Qualify as an Expert

The primary evidence against Garza consisted of a phone conversation between Garza and another individual. The Government intends to elicit the testimony of a Metro Genesee Police officer to testify regarding his personal impressions of the recorded conversation. Though the officer asserts that he is well experienced by completing a required training in 2019, this does not qualify him to testify as to what common slang terms mean and does not provide him the qualifications of an expert in slang as required by Rule 702.

While an expert may be qualified based on practical experience or training rather than formal education in an area, "'if the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Rothe Development, Inc. v. Department of Defense, et al.*, 107 F.Supp.3d 183, 196 (D.D.C. 2015) (quoting Fed. R. Evid. 702 advisory committee's note (2000)). Here, the government will not be able to establish the proper evidentiary foundation to allow the officers to testify as to decoded street slang.

Assuming this Court determines that this witness qualifies as an expert within the meaning of Rule 702, "the district court is required to address two questions, first whether the expert's testimony is based on 'scientific knowledge,' and second, whether the testimony 'will assist the trier of fact to understand or determine a fact in issue." *Daubert v. Merrell Dow*

*Pharmaceuticals*, Inc., 509 U.S. 579, 592 (1993)). Applying this test, the testimony here is not based on scientific knowledge but merely person opinions. Further, the testimony will not assist the trier of fact to understand or determine a fact in issue. Thus, the testimony of the officer may lead the jury to confusion.

**II. The Officers Testimony is Improper Lay Testimony under Federal Rule of Evidence 701**

Case law from the Sixth Circuit, has tended to prohibit agents from interpreting phone calls as the officer did here under Rule 701. *See United States v. Blakely,* 375 F. App'x. 565, 570 (6th Cir. 2010) (finding that an agent's opinion testimony interpreting defendants' conversations was "likely improper" under Rule 701 when the defense argued that the testimony "substituted [the agent's] interpretation of the conversations for the jury's interpretation"); *White,* 492 F.3d at 401–02 (citing approvingly to two Second Circuit cases that excluded agent testimony interpreting wiretapped conversations under Rule 701); *United States v. Ganier,* 468 F.3d 920, 926 (6th Cir.2006) (citing approvingly to an Eighth Circuit case that excluded agent testimony interpreting wiretaps under Rule 701).

The Sixth Circuit has held testimony inadmissible under circumstances like those presented here. Taking a narrower view of Rule 701, in *U.S. v. Freeman*, 730 F.3d 590 (6th Cir. 2013), the Sixth Circuit Court of Appeals reversed and remanded a trial court's decision to permit an FBI agent's lay-witness testimony interpreting phone calls between codefendants. The agent had provided voice identifications and substantive interpretations of the meaning of various statements contained in the calls. The court focused on the fact that the agent lacked first-hand knowledge sufficient to lay a foundation for a lay-witness opinion under Rule 701(a).

Here, the officer lacks similar first-hand knowledge to lay a foundation for a lay-witness opinion under Rule 701(a). In the recorded phone call, Defendant Garza mentioned the term

"bang", banging" and "banger" several times. The officer fails to explain why the word "banger" particular used in the statement, "Stupid fucking Metro police never found my fucking banger" is defined as gun. Further, the officer does not mention observing any activity relevant to interpreting the call. This leaves a jury to trust that he has information unknown to them that makes him better situated to interpret the words used in the call than they are. *See U.S.* v. *Jayyousi*, 657 F.3d 1085, 1122 (2011) (Barkett, J., concurring in part and dissenting in part) ("But Agent Kavanaugh never explained what knowledge or perception he gained during the investigation that allowed him to interpret the conversations any better than the jury."). When the officer interprets the conversation based on his listening to the call, the jury have no way of verifying his inferences or independently assessing the logical steps he has taken to bring his conclusion. In addition, the officer fails to explain the basis of his interpretations— what experience he has that the jurors themselves did not have—and therefore failed to lay a foundation under Rule 701. *See Albertelli*, 687 F.3d at 450 ("[T]he witness should be prepared to explain the basis for any challenged interpretation and may not say only that it is based on 'the totality of the investigation.'")

Lastly, an officer presented to a jury with an aura of expertise and authority increases the risk that the jury will be swayed improperly by the agent's testimony, rather than rely on its own interpretation of the evidence. *See Grinage*, 390 F.3d at 751. Enforcement of Rule 701's criteria is uniquely important under these circumstances. *See Hampton*, 718 F.3d at 981–82 (citing *Grinage*, 390 F.3d at 750) ("Judicial scrutiny of a law-enforcement witness's purported basis for lay opinion is especially important because of the risk that the jury will defer to the officer's superior knowledge of the case and past experiences with similar crimes.").

## CONCLUSION

For the reasons stated above, Defendant GARZA respectfully request that this Court enter an Order to preclude the prosecution from calling a witness to testify as to the meaning of "slang" terms.

Respectfully Submitted,

s/ *Charles Longstreet*, II
Charles Longstreet, II
Attorney for Defendant
LONGSTREET LAW PLLC
18971 Livernois Rd.
Detroit, Michigan 48221
Email:Clongstreet2@longstreetlawfirm.com
Phone: 313-288-0103

## CERTIFICATION

I hereby certify that the forgoing papers were electronically filed this date October 10, 2022, served electronically or by mail to the following:

**AUSA JULES DEPORRE**
United States Attorney's Office
211 West Fort Street, Suite 2001
Detroit, MI 48226
Jules.DePorre@usdoj.gov