UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 21-cr-20405
                                                   Hon. Matthew F. Leitman

v.

NOE GARZA,

        Defendant.

_____/

## PRELIMINARY ORDER OF FORFEITURE

Based on the Superseding Indictment, the Government's Forfeiture Bill of Particulars, the evidence admitted during trial, the Guilty Verdict, the United States' Application for Preliminary Order of Forfeiture, and other information in the record, and pursuant to 18 U.S.C. § 924(d)(1) together with 28 U.S.C. §2461(c) and Federal Rule of Criminal Procedure 32.2, the Court finds that the following property (hereinafter "Subject Property") has a sufficient nexus to Defendant's offenses of conviction and therefore is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1)together with 28 U.S.C. §2461(c):

    a) One (1) Black Ruger EC9s 9mm semi-automatic pistol, Serial Number: obliterated;

    b) One (1) round of 9mm ammunition; and

    c) Six (6) rounds of 9mm ammunition;

(collectively, items (a) through (c) above hereinafter the "Subject Property").

The Court **ORDERS** that any right, title or interest of Defendant and any right, title or interest that his heirs, successors or assigns have, or may have, in the Subject Property **IS FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS THAT**

1. Upon entry of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days.  The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property.  The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified

Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

2. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

3. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.

4. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and

      Federal Rule of Criminal Procedure 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

5. If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

6. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

******************************************************************

**IT IS SO ORDERED.**

/s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 16, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 16, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126